# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**SCOTT A. COLLINS,**
**Claimant Below, Petitioner**

**FILED**

May 5, 2017
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs.)   No. 16-0515** (BOR Appeal No. 2051048)
(Claim No. 920052713)

**MURRAY AMERICAN ENERGY, INC.,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Scott A. Collins, by M. Jane Glauser, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Murray American Energy, Inc., by Edward George III, its attorney, filed a timely response.

The issue on appeal is whether the claim should be reopened for permanent partial disability benefits. On July 21, 2015, the claims administrator denied the request to reopen the claim for permanent partial disability benefits. The Office of Judges affirmed the decision in its December 22, 2015, Order. The Order was affirmed by the Board of Review on May 4, 2016. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Collins, an underground coal miner for Murray American Energy, Inc., was injured on April 26, 1992, when a large piece of steel landed on his right foot while he was at work. On May 22, 1992, the claim was held compensable. In December of 1995, the Office of Judges ruled that the claims administrator's 7% permanent partial disability award was entered prematurely because his toe eventually had to be amputated.

1

On May 20, 1998, E.V. Shaffer, M.D., completed an independent medical evaluation. Dr. Shaffer determined that Mr. Collins was at maximum medical improvement and suffered from 10% whole person impairment related to the compensable injury. On September 21, 1999, the Office of Judges affirmed a June 15, 1998, Order granting a 10% permanent partial disability award, based upon Dr. Shaffer's report.

On November 27, 2000, Mr. Collins filed an application to have his claim reopened for temporary total disability benefits. This request was granted by the claims administrator on December 29, 2000, and was later affirmed by the Office of Judges. On June 2, 2015, Danny Fijalkowski, D.P.M., examined Mr. Collins and issued a diagnosis update. The diagnosis update listed foot ulcer as the primary diagnosis and foot deformity as a secondary diagnosis. On July 7, 2015, Mr. Collins petitioned to reopen the claim for an additional permanent partial disability award. The claims administrator, Office of Judges, and Board of Review all denied the request to reopen the claim for a permanent partial disability award.

On December 22, 2015, the Office of Judges determined that the claims administrator properly denied the reopening request because it was not filed in a timely fashion. The Office of Judges determined that the claim was barred for permanent partial disability benefits under West Virginia Code § 23-4-16(a)(2) (2005). The Office of Judges found that the precedent of *Hammons v. West Virginia Office of the Insurance Commissioner*, 235 W. Va. 577, 775 S.E.2d 458 (2015), did not apply in this case because no additional diagnosis update had been filed in a timely manner. The Board of Review adopted the findings of the Office of Judges and affirmed its Order on May 4, 2016.

After review, we agree with the decisions of the Office of Judges and Board of Review. Pursuant to West Virginia Code § 23-4-16(a)(2), in any claim in which a permanent partial disability award is made, a request to reopen must be made within five years of the date of the initial award. On September 21, 1999, the Office of Judges found that Mr. Collins was entitled to a 10% permanent partial disability award. His July 7, 2015, request to reopen is well outside the five-year time frame. In addition, Mr. Collins does not qualify for an exception under *Hammons* because he had not requested to add an additional diagnosis to his claim in a timely manner.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: May 5, 2017**

**CONCURRED IN BY:**
Chief Justice Allen H. Loughry II
Justice Robin J. Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Elizabeth D. Walker

3